99 F.3d 448
 321 U.S.App.D.C. 309
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
McDONNELL DOUGLAS CORPORATION, Appellant/Cross-Appellee,
v.
NATIONAL AERONAUTICS AND SPACE ADMINISTRATION,
Appellee/Cross-Appellant.
 Nos. 95-5290, 95-5319.
 United States Court of Appeals, District of Columbia Circuit.
 Sept. 17, 1996.
 
 Before: WALD, WILLIAMS, and GINSBURG, Circuit Judges.
 
 JUDGMENT
 
 1
 This appeal and cross-appeal were considered on the record from the United States District Court for the District of Columbia and the briefs and arguments of counsel. The court is satisfied that appropriate disposition of this case does not call for further opinion. See D.C.Cir.Rule 36(b).
 
 
 2
 The appellant/cross-appellee McDonnell Douglas Corporation lacks standing to challenge the judgment of the district court. McDonnell Douglas prevailed in the proceeding before the district court and on appeal challenged only the legal reasoning of the district court. As the Supreme Court noted in Deposit Guaranty Nat'l Bank v. Roper, 445 U.S. 326 (1980), "[o]rdinarily, only a party aggrieved by a judgment or order of a district court may exercise the statutory right to appeal therefrom. A party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it." Id. at 333; see also White v. McGuirl, No. 93-7174, 1995 WL 364097, at * 1 (D.C.Cir. May 18, 1995) (per curiam) (only a "person aggrieved" by a judgment has the right of appeal); Hartman v. Duffey, 19 F.3d 1459, 1465 (D.C.Cir.1994) (quoting Deposit Guaranty ).
 
 
 3
 The appellee/cross-appellant National Aeronautics and Space Administration contends that the district court improperly entered an injunction permanently enjoining the release of the information at issue. NASA waived this argument by failing to present it in a timely manner to the district court. McDonnell Douglas had requested a permanent injunction in both its complaint and in a draft judgment circulated to the parties; NASA did not challenge the scope of the injunction, however, until after judgment was entered.
 
 Therefore, it is
 
 4
 ORDERED and ADJUDGED that the judgment from which this appeal has been taken be AFFIRMED.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a)(2). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.